UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARYAM KHANSARI, IBY DEGEORGE-GEAREY, and : ECF Case
MARIA DAIDONE on behalf of THEMSELVES AND all :
others similarly situated, : 15-CV-1803 (PGG) (HBP)

                Plaintiffs,

     – against –

ST. BARNABAS HOSPITAL,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND EVIDENCE FROM CHRISTOPHER ERATH

EPSTEIN BECKER & GREEN, P.C.
Paul DeCamp (admitted *pro hac vice*)
James S. Frank
Kenneth DiGia
Jiri Janko
250 Park Avenue
New York, New York  10177-1211
Phone: (212) 351-4500
Fax: (212) 878-8600

## TABLE OF CONTENTS

**PAGE**

RELEVANT PROCEDURAL HISTORY ........................................................................... 1

ARGUMENT ............................................................................................................................ 3

ERATH SHOULD BE ALLOWED TO TESTIFY AS A PROPER LAY WITNESS ................... 3

    A.  Erath Need Only Have Personal Knowledge of the Records Reviewed ............................. 4

    B.  Erath Appropriately Relied Only on Computer-
        Generated Records to Calculate Damages .......................................................................... 5

    C.  Erath Properly Did Not Count Non-Work Days in His Calculation ................................... 5

    D.  Erath is Not Providing Expert Testimony ........................................................................... 7

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atlanta Prof'l Firefighters Union, Local 134 v. Atlanta,*
   920 F.2d 800 (11th Cir. 1991) ............................................................................................... 6

*Blasdell v. New York,*
   No. 91-cv-1014, 1992 U.S. Dist. LEXIS 20921 (N.D.N.Y. Sept. 8, 1992) ............................ 6

*Crespo v. Cty. of Monroe,*
   No. 10-cv-6590L, 2015 U.S. Dist. LEXIS 66037 (W.D.N.Y. May 20, 2015) ....................... 6

*Isaacs v. Cent. Parking Sys. of New York, Inc.,*
   No. 10-CV-5636, 2012 U.S. Dist. LEXIS 38103 (E.D.N.Y. Feb. 27, 2012) .......................... 7

*Liberty Media Corp. v. Vivendi Universal, S.A.,*
   923 F. Supp. 2d 511 (S.D.N.Y. 2013) .................................................................................... 5

*Tho Dinh Tran v. Dinh Truong Tran,*
   860 F. Supp. 91 (S.D.N.Y. 1993), *aff'd*, 54 F.3d 115 (2d Cir. 1995) ..................................... 7

*United States v. Bourke,*
   No. S2 05 CR 518, 2011 U.S. Dist. LEXIS 146545 (S.D.N.Y. Dec. 15, 2011),
   *aff'd*, 488 F. App'x 528 (2d Cir. 2012) .................................................................................. 3

*United States v. Rigas,*
   490 F.3d 208 (2d Cir. 2007) ................................................................................................... 7

*United States v. Walsh,*
   No. 15-CR-91, 2016 U.S. Dist. LEXIS 154861 (E.D.N.Y. Nov. 7, 2016) ............................. 7

**Rules and Statutes**

29 U.S.C. § 203(g) ........................................................................................................................ 6

29 U.S.C. § 207(e)(2) .................................................................................................................... 6

29 C.F.R. § 778.102 ...................................................................................................................... 6

29 C.F.R. § 778.216 ...................................................................................................................... 6

Fed. R. Evid. 602 .......................................................................................................................... 4

Fed. R. Evid. 611(a) ...................................................................................................................... 3

Fed. R. Evid. 701(a) .................................................................................................................. 4

Fed. R. Evid. 1006 ..................................................................................................................... 3

Defendant St. Barnabas Hospital ("Defendant") submits this Memorandum of Law in Opposition to Plaintiffs' Cross-Motion *In Limine* to Preclude Testimony and Evidence from Christopher Erath. Defendant identified Erath on November 22, 2017, as a lay witness who would rely on the time and Electronic Medical Record ("EMR") reports to calculate and summarize the number of hours that each Plaintiff worked each day. Erath performed his calculations using only these records and intends to testify regarding only his review and analysis of these records. Not only did Plaintiffs delay in making their Cross-Motion *In Limine* to Preclude Erath (the "Cross-Motion"), but each of their arguments fail. Erath is a proper lay witness, who relied only on available computer-generated records, and Defendant respectfully requests that he be allowed to provide testimony on the basis of his personal knowledge of those records.

## RELEVANT PROCEDURAL HISTORY

Defendant identified Erath as a witness on November 22, 2017, in its Supplemental Federal Rule of Civil Procedure 26(a)(1) Disclosures. (*See* Ex. A (Def.'s Supp. Disclosures, Nov. 22, 2017, at 10) to the Declaration of Kenneth DiGia, dated February 6, 2018.) Defendant's disclosures outlined Erath's damages methodology and noted that Defendant does not believe Erath's calculations to constitute expert testimony. At that time, Plaintiffs were put on notice that Erath's calculations would consider the "number of hours that each of the Plaintiffs worked each day from the time each Plaintiff either clocked in or started using EMR (whichever occurred earlier) until such time as the same Plaintiff clocked out or last used EMR (whichever occurred later), calculated on a weekly basis using EMR reports and Time Detail

reports of Plaintiffs."[1] (*Id.*) Defendant reserved the right to designate Erath as an expert should Plaintiff challenge his testimony on the basis of methodology. (*Id.* at 10, n.1)

On November 30, 2017, Plaintiffs identified for the first time their purported damages witness, John D. Agogliati, III, and stated that Plaintiffs did not believe his calculations to constitute expert testimony. Plaintiffs also reserved the right to designate Mr. Agogliati as an expert should Defendant challenge his testimony on the basis of methodology.

Plaintiffs served a notice of deposition for Erath on December 6, 2017. On the following day, Defendant provided Plaintiffs with generated documents and relied-upon documents that Erath would use during his testimony. On December 8, 2017, Defendant expressly advised in its Memorandum of Law in Support of its Motion *In Limine* to Exclude Testimony (ECF No. 143), that it "reserves the right to move to preclude Mr. Agogliati from testifying at trial, depending on what he says in his deposition." (*Id.* at 1, n.1.) Plaintiffs made no similar reservation in their Motion *In Limine* filed on December 8. (ECF 148.) The deposition of Erath took place on December 18, 2017. The deposition of Mr. Agogliati occurred on December 20, 2017. Mr. Agogliati provided a revised damages analysis on December 21.

On January 9, 2018, Defendant filed a Motion *In Limine* to Preclude Testimony of John D. Agogliati, III, and Plaintiffs' Exhibits 101 and 101A (ECF Nos. 161-63, the "Defendant's Motion *In Limine*"). Plaintiffs did not file a comparable motion seeking to preclude Erath. In fact, at no time since the disclosure of Erath over two months ago—or since his deposition over one month ago—did Plaintiffs seek to strike Erath as a witness or otherwise

---

[1] In Plaintiffs' letter to the Court regarding their Cross-Motion, dated January 25, 2018, Plaintiffs assert that they "only recently learned" that Erath would rely only on time records and EMR data in formulating his damages calculations. (ECF No. 177, at 2.) This cannot be true as Plaintiffs have been aware of Dr. Erath's proposed methodology since Defendant served its supplemental disclosures over two months ago on November 22, 2017. (*See* DiGia Decl., Ex. A.)

2

preclude his testimony. Instead, Plaintiffs first raised these issues in their Cross-Motion, filed on January 23, 2018 (ECF Nos. 171-73), a *full month and a half* after Defendant informed Plaintiffs and the Court that it may seek to exclude Mr. Agogliati's testimony (*see* ECF No. 143, at 1, n1.) and then, only in response to Defendant's Motion *In Limine* (*see* ECF Nos. 161-63.). Moreover, Plaintiffs set forth arguments nearly identical to those raised in Defendant's Motion *In Limine* to preclude Mr. Agogliati. Plaintiffs had plenty of time to challenge Erath's disclosure or testimony, and instead opted to file their Cross-Motion only in response to Defendant's Motion. Plaintiffs' Cross-Motion is late and unfounded, and Defendant respectfully requests that the Court deny Plaintiffs' Cross-Motion.

## ARGUMENT

### ERATH SHOULD BE ALLOWED TO TESTIFY AS A PROPER LAY WITNESS

In an effort to preclude Erath, Plaintiffs reformulated several of the arguments that Defendant previously raised regarding the proposed testimony of Mr. Agogliati. Yet Plaintiffs' arguments fail as applied to Erath, who, unlike Mr. Agogliati, is a proper lay witness whose damages calculations were subject to a methodical, reliable, and accurate approach.

For the sake of efficiency at trial, Defendant proposes that Erath be allowed to provide an appropriate summary of the EMR and time records that he reviewed. *See* Fed. R. Evid. 611(a), 1006. Under Federal Rule of Evidence 611(a), the Court has the authority and responsibility to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence," and this Rule allows the use of summary testimony to streamline the presentation of a case and avoid wasting time. Federal Rule of Evidence 1006 explicitly contemplates that the contents of voluminous records may be presented in summary form. *See United States v. Bourke*, No. S2 05 CR 518, 2011 U.S. Dist. LEXIS 146545, at *7 (S.D.N.Y. Dec. 15, 2011) (noting presentation of flight records via summary witness and chart), *aff'd*, 488

3

F. App'x 528 (2d Cir. 2012). Considering the volume and complexity of the EMR and time records reviewed by Erath, he will most efficiently and effectively convey his findings to the jury using summary testimony pursuant to Federal Rules of Evidence 611(a) and 1006.

### A. Erath Need Only Have Personal Knowledge of the Records Reviewed

A lay witness may testify to matters in which he has direct knowledge. *See* Fed. R. Evid. 602, 701(a). Erath was tasked with summarizing certain records, including the EMR and time-detail reports, in order to derive a calculation of time worked by each Plaintiff. Erath reviewed these records and thus gained personal knowledge sufficient to provide testimony regarding such records. *See United States v. Rigas*, 490 F.3d 208, 222-24 (2d Cir. 2007) (finding lay witness's testimony regarding company's accounting records was based on personal knowledge of company's books, and rejecting argument that it was improper expert testimony because testimony was based on witness's "investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise") (internal quotation marks and citation omitted). Erath was not asked to calculate Plaintiffs' alleged hours spent on- or off-the-clock; he was simply asked to calculate the number of hours reflected in the EMR and time record systems. Thus, despite Plaintiffs' argument to the contrary, Erath need not know Plaintiffs' job titles or work habits in order to perform his calculations and provide summary testimony. Nor must he be familiar with hospital policies regarding overtime hours in order to conduct a reliable analysis of the EMR and time-detail records.

Plaintiffs argue that "Erath refused to consider deposition testimony that would demonstrate that Plaintiffs worked off-the-clock." (Cross-Mtn. at 21, ECF No. 172.) Erath ignored deposition testimony because it was outside the scope of his review, which was limited to examination of the EMR and time records. (*See* Ex. B (Erath Dep. at 25:17-26:3; 66:24-67:16) to the DiGia Decl.). Unlike Mr. Agogliati, Erath's calculations did not include making

4

credibility determinations regarding which testimony to consider and which hours to include or exclude from his calculations. Erath did not consider or weigh deposition testimony, which is a task that falls within the province of the jury. *See Liberty Media Corp. v. Vivendi Universal, S.A.*, 923 F. Supp. 2d 511, 531 (S.D.N.Y. 2013) ("Credibility determinations are the province of the jury."). Erath instead utilized a systematic calculation relying solely on the available computer-generated records—information not subject to human error.

### B. Erath Appropriately Relied Only on Computer-Generated Records to Calculate Damages

Plaintiffs attempt to impugn the accuracy and adequacy of the records considered by Erath by arguing that certain deposition testimony may contradict such records. It is, of course, in Plaintiffs' interest to favor witness testimony over the systematic records reviewed by Erath; however, the accuracy and reliability of the EMR and time records is a factual issue for the jury. Plaintiffs' belief (supported solely by their own deposition testimony) that the computer-generated records reviewed by Erath are "inaccurate" is not a sufficient basis for striking his testimony as a lay witness. Moreover, as noted above, Erath will provide a condensed summary of the voluminous records he reviewed in order to efficiently convey his findings to the jury and streamline the case. Ultimately, it is for the jury to decide whether they believe Erath's review of the electronic records most accurately summarizes the hours worked by the Plaintiffs, or the Plaintiffs' testimony of their alleged hours worked.

### C. Erath Properly Did Not Count Non-Work Days in His Calculation

Plaintiffs criticize Erath's review for failing to do what their damages witness inappropriately did — count non-work time, such as vacation or sick time, as hours worked, which significantly inflates Plaintiffs' alleged damages. Erath, however, correctly did not count vacation or other non-work days because these days do not count as hours worked under the Fair

Labor Standards Act ("FLSA") and are not credited towards overtime compensation. *See* 29 U.S.C. §§ 203(g), 207(e)(2); 29 C.F.R. § 778.216.

Relying on a single case decided over 25 years ago, Plaintiffs argue that the Collective Bargaining Agreement ("CBA") governing Plaintiffs' employment overrides the FLSA for purposes of calculating overtime hours. (Cross-Mtn. at 23, citing *Blasdell v. New York*, No. 91-cv-1014, 1992 U.S. Dist. LEXIS 20921 (N.D.N.Y. Sept. 8, 1992).) As further articulated in Defendant's letter to the Court, dated January 25, 2018 (ECF No. 178), *Blasdell* does not support the proposition that non-work hours are to be treated as time worked under the FLSA, and states only that the FLSA does not override a contract or other obligation to pay overtime compensation for hours that would not be considered overtime compensation under the FLSA. *Blasdell*, 1992 U.S. Dist. LEXIS 20921, at *8 (citing 29 C.F.R. § 778.102).[2] To the extent such an obligation exists, a claim for breach of contract or the applicable collective bargaining agreement might exist, but a claim for violation of the FLSA does *not* exist. *See Atlanta Prof'l Firefighters Union, Local 134 v. Atlanta*, 920 F.2d 800, 806 (11th Cir. 1991) (noting that the district court awarded the firefighters compensation for holiday and relief days pursuant to a breach of contract theory). Here, Plaintiffs have not asserted a breach of contract claim or a breach of the relevant CBA, which would be subject to the grievance and arbitration provisions outlined in the CBA. Plaintiffs' only claim is under the FLSA, which is neither subject to the grievance and arbitration provisions of the CBA, nor subject to the provisions

---

[2] In Plaintiffs' January 29, 2018 letter to the Court (ECF No. 179), Plaintiffs rely on an additional authority that is as unpersuasive as *Blasdell*. Plaintiffs cite to *Crespo v. Cty. of Monroe*, No. 10-cv-6590L, 2015 U.S. Dist. LEXIS 66037, at *20-21 (W.D.N.Y. May 20, 2015), yet simply quote the court's recitation of the CBA language regarding vacation leave. The *Crespo* case addresses the calculation of plaintiffs' "regular rate of pay" under the FLSA, and does not provide any analysis or guidance as to whether the CBA in place overrides the FLSA in determining whether hours for time not worked count as overtime hours.

6

pertaining to the calculations of hours worked. *See Tho Dinh Tran v. Dinh Truong Tran*, 860 F. Supp. 91, 96 (S.D.N.Y. 1993), *aff'd*, 54 F.3d 115, 118 (2d Cir. 1995) (affirming district court's decision that plaintiff could not recover for vacation and holiday time under the FLSA notwithstanding the collective bargaining agreement in place); *see also Isaacs v. Cent. Parking Sys. of New York, Inc.*, No. 10-CV-5636, 2012 U.S. Dist. LEXIS 38103, at *17-18 (E.D.N.Y. Feb. 27, 2012) (dismissing plaintiff's claim based on failure to pay accrued vacation under the FLSA, and finding that such claim would arise, if at all, under the relevant collective bargaining agreement, and would therefore be subject to arbitration); ECF No. 178.

### D. Erath is Not Providing Expert Testimony

Plaintiffs' final argument—that Erath is proffering improper expert testimony—states that Erath "relied on his experience in formulating his flawed damages calculations." (Cross-Mtn at 23, ECF No. 172). This is false: Erath has relied on nothing but his review of the relevant EMR and time records, which required no prior experience or specialized knowledge. Testimony regarding such systematic calculations is considered proper lay witness testimony. *See, e.g., Rigas*, 490 F.3d at 224 (stating that testimony resulting "'from a process of reasoning familiar in everyday life'" is permissible lay opinion testimony under Rule 701) (citation omitted); *United States v. Walsh*, No. 15-CR-91, 2016 U.S. Dist. LEXIS 154861, at *29-34 (E.D.N.Y. Nov. 7, 2016) (finding lay witness who calculated losses using simple arithmetic and "merely summarized what he was able to perceive" from comparisons of time sheets and receipts provided proper lay witness testimony).

Plaintiffs' sole argument in support of this baseless proposition is that Erath has made credibility determinations by accepting the records as accurate, and that alone qualifies him as an expert. This is a mischaracterization of both Erath's review and the *Daubert* standard. Unlike Mr. Agogliati, Erath purposefully did not consider sources outside of the EMR data and

time records because such weighing of testimony and making credibility determinations improperly invades the province of the jury. Erath's acceptance of the computerized EMR and time records for purposes of performing calculations is not the equivalent of making a credibility determination. Rather, his review simply summarizes the amount of time worked as reported by the EMR and time records, should the jury credit them. Erath's acceptance of these records as accurate does not render his calculations flawed nor does it qualify him as an expert.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Cross-Motion *In Limine* to Preclude Testimony and Evidence from Christopher Erath in its entirety, and allow Erath to testify at trial.

New York, New York
February 6, 2018

                                              Respectfully submitted,

                                              EPSTEIN BECKER & GREEN, P.C.

                                              By:   */s/ Kenneth W. DiGia*
                                                      Paul DeCamp (admitted *pro hac vice*)
                                                      Kenneth DiGia
                                                      James S. Frank
                                                      Jiri Janko
                                              250 Park Avenue
                                              New York, New York 10177
                                              (212) 351-4500
                                              *Attorneys for Defendant*